In the Matter of the Application of COPLIN YARAS, Petitioner.
CITY OF ALBANY, Respondent.

Supreme Court, Special Term, Rensselaer County, September 17, 1952.

*Woollard & Morris* for petitioner.

*Russell Hunt, Corporation Counsel,* for respondent.

BOOKSTEIN, J. The power of eminent domain possessed by a municipal corporation is extremely great. It means that such a corporation can deprive a private citizen of his property, willy-nilly. Of course, the citizen, against whom the power is asserted, receives such compensation as commissioners appointed by the court determine is to be made for the property taken from the citizen against his will.

So, in the case of the City of Albany, its charter (L. 1883, ch. 298, tit. XVII, § 2) provides that application for the appointment of condemnation commissioners, in a proceeding to condemn private property for public use, shall be made " to a special term of the supreme court, or to an adjourned special term thereof, held at chambers, in the third judicial district ".

In this case, the application was not so made, but instead it was made to the Albany County Court.

The Condemnation Law of this State provides the procedure for taking private property for public use throughout the State and by section 4 thereof, jurisdiction is vested in both the County and Supreme Courts. However, section 27 of the Condemnation Law continued in force all " such acts and parts of acts as prescribe a method of procedure for the condemnation of real property for public use as a * * * street * * * in an incorporated city ". Since, under chapter 298 of the Laws of 1883, constituting the Charter of the City of Albany, jurisdiction in condemnation proceedings by the City of Albany, for street purposes, was vested in the Supreme Court only, the provisions of section 4 of the Condemnation Law conferring jurisdiction on both the County and Supreme Courts were not applicable to the proceeding herein instituted, by

reason of section 27 of the Condemnation Law unless such jurisdiction was obtained in the manner hereinafter discussed. In the absence of any local law to the contrary, the provisions of the Albany City Charter (L. 1883, ch. 298), dealing with condemnation for street purposes, remain in full force and effect and confer jurisdiction thereof exclusively in the Supreme Court. (Condemnation Law, § 27; City Home Rule Law, § 36.)

Respondent claims that those sections of chapter 298 of the Laws of 1883, governing condemnation have been repealed by Local Law No. 1 of the City of Albany for 1951 and if that be so, then the provisions of section 4 of the Condemnation Law apply and the Supreme and County Courts have concurrent jurisdiction of this action.

Accordingly, we come to a consideration of Local Law No. 1 of the City of Albany for 1951. If that law is valid, then the Albany County Court has jurisdiction and petitioner's application must be denied; if such law is invalid, then the converse must result.

The City of Albany has the power by local law, pursuant to the New York State Constitution (N. Y. Const., art. IX, §§ 12, 13) and the City Home Rule Law (§§ 10, 11, 12, 36) to repeal any of the provisions of chapter 298 of the Laws of 1883.

Certain local laws become effective upon the signature of the Mayor or within thirty days after it has been presented to him and he has failed to act thereon, within that period. (City Home Rule Law, § 14.) Other local laws become such only after a mandatory referendum. (City Home Rule Law, § 15.) Still others cannot take effect until at least forty-five days after adoption, during which period a certain percentage of voters may file a petition of protest, in which event, such local law must be submitted to a referendum at the next general election. (City Home Rule Law, § 16.)

The Local Law here involved belongs in part to the first of the foregoing three categories and in part to the last thereof, since section 17 of the City Home Rule Law provides that: " a local law shall be subject to the provisions of the last preceding section " (i.e., § 16) " which * * * 3. Changes a provision of law relating to * * * the exercise of the power of condemnation."

Section 13 of the City Home Rule Law further provides, as follows: " *Every such local law shall embrace only one subject. The title shall briefly refer to the subject matter.*" (Italics supplied.)

It is petitioner's contention that Local Law No. 1 of the City of Albany for 1951 violates the foregoing requirement of section 13 of the City Home Rule Law, and is, therefore, invalid.

The title of Local Law No. 1 of the City of Albany for 1951 reads as follows: " A LOCAL LAW REPEALING CERTAIN PROVISIONS OF TITLES 4, 6, 7 AND 17 OF CHAPTER 298 OF THE LAWS OF 1883 OF THE STATE OF NEW YORK, ENTITLED ' AN ACT TO PROVIDE FOR THE GOVERNMENT OF THE " CITY OF ALBANY ",' PASSED APRIL 23, 1883, AS AMENDED FROM TIME TO TIME."

The law itself repeals certain sections of the titles mentioned in the title thereof, viz., sections dealing with the appointment of a janitor for the city building on South Pearl Street; those prescribing the duties of the office of city chamberlain; some dealing with provision for notices of unpaid taxes; one dealing with certain duties of the receiver of taxes; and finally the last 18 of the 19 sections of title XVII, dealing with condemnation.

This detailed recital of the contents of the Local Law in question demonstrates beyond peradventure that it deals with more than one subject, even assuming, and without so deciding, that the title complies with the statutory requirement. That it deals with different subjects would seem to be apparent from the fact that some of them can become law by the Mayor's signature or inaction (City Home Rule Law, § 14), while others cannot, until an opportunity for a protest is afforded and a subsequent referendum held. (City Home Rule Law, §§ 16, 17.) This difference in the manner in which the various subjects in the one law become effective, as law, is a manifest treatment by the City Home Rule Law itself of the various subjects contained in the law, as *different subjects*.

How can it be said that the law in question " *embrace[s] only one subject* "? (Italics supplied.) Section 15 of article III of the New York State Constitution provides that " No private or *local bill*, which may be passed by the legislature, shall embrace more than one subject, and that shall be expressed in the title." (Italics supplied.)

In enacting the City Home Rule Law and delegating to city legislative bodies the power to enact local laws, the Legislature sought to see that the constitutional limitation on local laws was carried into effect by the local legislative bodies to which it was delegating its legislative powers, and that was the genesis of the provision in the City Home Rule Law found in section 13 thereof, already quoted (*supra*).

Research for some judicial authority in this State on the subject of the validity of an ordinance or local law, which con-

tains subject matters, some of which is or may be subject to referendum and some of which is not, has been fruitless. However, the Supreme Court of the State of Washington, in the case of *Washington Water Power Co.* v. *Rooney* (3 Wn. 2d 642) passed upon a local ordinance granting a franchise for distribution and sale of steam and hot water, which was subject to referendum, and a franchise for distribution and sale of electricity, which was not subject to referendum, and held the ordinance void as *containing two incongruous subjects.*

There the court said, at page 650: "Whether or not the two grants contained in the ordinance are incongruous in the abstract, they are, unquestionably, made so here by reason of the fact that one grant is within the exclusive power of the mayor and the city council while the other grant is subject to referendum. We are therefore constrained to hold the ordinance void".

So here portions of Local Law No. 1 of the City of Albany for 1951 are within the exclusive power of the Mayor and the city council; others are subject to a possible referendum.

The Supreme Court of Washington further said in *Washington Water Power Co.* v. *Rooney* (*supra*, p. 650): "Having, then, before us an ordinance granting two franchise rights, one referable * * * the other not referable, the question is posed: What is the legal status of the ordinance? If the right of referendum on a referable subject cannot be defeated by coupling it in the same ordinance with a subject not referable, is the non-referable subject made referable by its inclusion with one referable?"

The question was, by the court's determination in that case, necessarily answered in the negative.

The same question is posed here and the fact that it is, would seem clearly to establish that the Local Law in question deals with more than one subject. Reason so indicates; the only judicial expression found on the subject supports the reason.

This court is constrained to find Local Law No. 1 of the City of Albany for 1951 void and, accordingly, must grant petitioner's motion to transfer this action from the County Court of Albany County to the Supreme Court in the third judicial district.

Submit order.

All papers to attorneys for petitioner.